GLICKSTEIN, Judge,
concurring specially.
We have affirmed a summary final judgment against the plaintiffs because there is an intervening cause of injury — a criminal sexual assault by a visiting adult upon a dependent child in a shelter home. There is nothing in the record to indicate any knowledge attributable to HRS or to the operators of the shelter home of similar incidents theretofore in the shelter home or of any propensity, of the visiting adult to commit a sexual assault.
The assailant was a relative of the operators of the shelter home and was staying at the home for the first time.
The plaintiffs contend that the number of children in the home on the night in question — the victim’s first night — provides a nexus to justify reversal. They claim five children was the maximum allowable number but that on the night in question, six to eight children were being “sheltered” in the home. We have declined to find such nexus, there being no evidentiary foundation to establish same. That does not eliminate, however, my concern that the large number of children there may be another result of inadequate funding for children’s needs.
The incident took place in 1980 when the child was six. Original counsel placed HRS on notice of the incident in 1982 and filed suit in 1984. Successor counsel became involved in 1985 and the case was removed from the trial docket in 1986. The summary final judgment was entered in 1987. It is now mid-1988. The child is now a teenager and the matter is still in the system. Also disturbing is the child’s original counsel’s reference, in his original notice to HRS, to the difference in race between victim and assailant, albeit it had no effect on the proceedings.